IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BERTHA MANSELL, as Administratrix )
of the Estate of Troy Mansell, )
 )
    Plaintiff, )
 )
vs. ) CIVIL ACTION NO. 99-RRA-2794-S
 )
JIM WOODWARD, DEPUTY ROME )
BOVA, and DEPUTY MORROW, )
 )
    Defendants. )

## MEMORANDUM OF DECISION

Before the court is a motion for summary judgment filed by defendants Sheriff Woodward and Deputy Morrow. Counsel representing these defendants also represented the third defendant, Deputy Bova, until withdrawing before filing the summary judgment motion. Bova, therefore, is not included in the motion. The parties have filed briefs and submitted summary judgment evidence.

### Complaint

The complaint alleges the following. Troy Mansell, the plaintiff's decedent, was injured in an automobile accident during a police chase following a robbery. In addition to the injuries suffered in the accident, Mansell also developed pneumonia while hospitalized. At the time of his discharge, Mansell was taking Augmentin twice a day for the pneumonia.

He was taken from the hospital to the Jefferson County jail on February 3, 1998. Mansell felt ill and repeatedly requested medical treatment from the jailers, to no avail. The plaintiff, Bertha Mansell, called the jail on March 9, 1998, requesting medical attention for her son, without result. On March 14, 1998, Troy Mansell complained to Deputy Herald about a tingling in his legs. Herald related the complaint to Deputies Bova and Morrow. Later that morning Sergeant Bobyarchak left instructions for a medic to see Mansell. Hours later, Deputy Morrow and Medic Spencer arrived at the cell block and found Mansell sitting on the floor bedside his bed with his head slumped, dead of peritonitis.

The complaint brings §1983 claims against the defendants. The plaintiff contends that the deputies were deliberately indifferent to the serious medical needs of Mansell, while the sheriff, pursuant to policy, intentionally failed to train, instruct, supervise, control, and discipline on a continuing basis the employees of the Sheriff Department to refrain from being deliberately indifferent to the serious medical needs of inmates.

<u>Evidence</u>

The evidence is relatively short and uncomplicated. When Mansell was transferred to the Jefferson County Jail on February 3, 1998, he was put on the medical floor. He had prescriptions for an antibiotic and an analgesic at that time. He was seen by a nurse (or medic) on February 11, 1998, February 17, 1998, and on February 25, 1998. Mansell complained on each occasion of pain in his left leg, and on each occasion was referred to Dr. Robertson. On March 4, 1998, he was seen by Dr. Adam Robertson who noted chronic musculoskeltal pain and prescribed Ibuprofen for thirty days. On March 9, 1998, Mansell

again complained of pain in his left leg that he described as feeling as if his hip joint had dislocated from its socket. The medic gave Mansell cortisone cream for a rash and continued the Ibuprofen. On March 12, 1998, Mansell complained of pain and nausea and saw Terri Harris, an LPN, who gave him Emitrol, a non-prescription medication, and referred him to Dr. Robertson. On March 13, 1998, Mansell again asked for medical attention. Clinical Coordinator Ned Whitehead found Mansell's left thigh swollen and warm to the touch. Between March 13, 1998, 10:00 p.m., and March 14, 1998, 6:00 a.m., Mansell complained of pain.

In her statement of the evidence, the plaintiff sets out these facts in support of her claims:

> Between March 13 at 10:00 p.m. and March 14 at 6:00 a.m., Mr. Mansell complained of pain to two (2) different deputies and one sergeant, asking each officer to summon medical help. *Bobyarchak Depo.* at 70, 76-77, 78, 79-80, 83-84. No medics were on duty from March 13 at 10:00 p.m. and March 14 at 6:00 a.m. *Herald Depo.* at 44; *Bobyarchak Depo.* at 88.
> 
> March 13, 1998 was the last night of Mr. Mansell's life. At 11:18 p.m., he told Sergeant Bobyarchak that he was in pain and asked to see a medic. *Bobyarchak Depo.* at 70. Between 11:30 p.m. and 12:00 a.m., he told Deputy Edge that he was in pain and asked again to see a medic. *Id.* at 76-77. Between 3:00 a.m. and 3:20 a.m., he called for help on the intercom, reported that he was in pain, and asked again for a medic. *Id.* at 78. At 3:25 a.m., he told Deputy Herald that he had fallen and thought he had "busted his kidney." He asked again for medical help. *Id.* at 79-80. At 3:28 a.m., Mr. Mansell asked for medical attention for the fifth time in about four hours. *Bobyarchak Depo.* at 83-84. Sergeant Bobyarchak testified that he tried to call Clinical Coordinator Ned Whitehead about Mr. Mansell, but that no one answered the telephone. He made no further effort to contact any medical staff personnel. *Id.* at 88-91. Sergeant Bobyarchak then called Lieutenant McConico and told him that Mr. Mansell was complaining of leg pain, "that he had complained the previous night about pains, and he was seen by the medic for the same problem." *McConico Depo.* at 42. Lt. McConico decided that Mr. Mansell could wait until the morning for medical help. *Id.* at 88. Sergeant Bobyarchak left a "bland statement that [Mr.

> Mansell] was complaining" for the on-coming deputy. *Spencer Depo.* at 14-15.
>
> Jefferson County Jail had an on-call procedure for calling medics when an inmate needed medical attention. This procedure was not followed because Mr. Mansell's complaints of abdominal pain were not reported to the supervisors or medical personnel. During the shift when Mr. Mansell died, Deputy Edge, Deputy Herald, Sergeant Bobyarchak, and Lieutenant McConico each assumed in turn that Mr. Mansell's requests for medical attention were not serious, and that Mr. Mansell needed no medical attention. *Bobyarchak Depo.* at 70, 79-80, 83-84, 88.
>
> Deputy Herald acknowledged that Mr. Mansell's complaint of a possible busted kidney constituted an emergency under existing jail procedures. *Herald Depo.* at 64. Deputy Herald, however, started that he did not report the emergency to his supervisor, Sergeant Bobyarchak. *Id.* Sergeant Bobyarchak confirmed that he was never told of the seriousness of the complaints made by Mr. Mansell to Deputies Edge and Herald; all he was told was that Mr. Mansell was complaining about his leg. *McConico Depo.* at 41-46. Lieutenant McConico testified that if an inmate said he felt like his kidney had busted, then it would be considered an emergency. *McConico Depo.* at 52-53.

*Plaintiff Opposition to Motion for Summary Judgment*, pp. 6-8.

Bobyarchak testified that he told Mansell that a medic would see him when one arrived in the morning. Deputies Bova and Morrow came in for work that morning. Bova and Morrow testified that Deputy Herald told them that Mansell had complained of tingling in his leg. When Morrow was making his rounds at 6:00 a.m., Mansell came out of his cell into the day space area. Mansell then went back into his cell, and Morrow asked him if he was okay. Mansell answered that he was all right. At 7:03 a.m., Morrow found Mansell sitting on the floor of his cell, apparently dead of acute peritonitis.

## Discussion

There is no evidence that Morrow or Bova were deliberately indifferent to Mansell's medical needs. In fact, absent from the evidence is even any involvement of Morrow or Bova.

As for Sheriff Woodward, there is no evidence of improper policy, or policy that should have existed but did not. In fact, the plaintiff states that the policy for calling in medics to respond to medical complaints was not followed. Neither is there any evidence that Woodward was deliberately indifferent to the training, supervision, etc., of jail employees concerning the medical treatment of inmates.

Wherefore, the defendant's motion for summary judgment is due to be granted. Moreover, as the evidence clearly shows that Bova was not implicated in Mansell's death, there is no reason not to grant him summary judgment as well. An appropriate order will be entered.

DONE this __20th__ day of May, 2004.

                                                Robert R. Armstrong, Jr.
                                                United States Magistrate Judge